UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GLENDON CHARLES,                              :   Civil No.:
                                              :
                  Plaintiff(s),               :   **NOTICE OF REMOVAL**
                                              :
    -against-                                 :
                                              :
WESTERN EXPRESS INC., and MICHAEL             :
KEVIN BUNJER,                                 :
                                              :
                  Defendant(s).               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE defendants, WESTERN EXPRESS INC. and MICHAEL KEVIN BUNJER, by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submit this Notice of Removal of this action from the Supreme Court of New York, County of Kings, in which this action is pending, to the United States District Court for the Eastern District of New York, being the district embracing the place where the action is pending. In support of this Notice of Removal, defendants state as follows:

1.     On or about August 22, 2019, plaintiff filed a lawsuit in the Supreme Court of the State of New York, County of Kings, under Index No.: 518598/2019. A true and complete copy of plaintiff's Summons and Complaint is attached hereto and made a part hereof as **Exhibit "A"**.

2.     Plaintiff's Summons and Complaint was served on defendant, WESTERN EXPRESS INC., via Secretary of State of New York on or about September 17, 2019.

3.     Plaintiff, GLENDON CHARLES, is a resident and domiciliary of the County of Kings, City and State of New York.

4.      Defendant, WESTERN EXPRESS INC., is a Tennessee corporation.

5.      Defendant, MICHAEL KEVIN BUNJER, is a resident and domiciliary of the State of Maryland.

6.      A copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Kings, and served on all parties as required by 28 U.S.C. §1446(d).

7.      This Court has original jurisdiction over this action because there is complete diversity between the parties under 28 U.S.C. §1332(a), and this action is removable to this Court pursuant to 28 U.S.C. §1441(a)-(b).

8.      There is complete diversity of citizenship between the plaintiff and the defendants in this action because plaintiff alleges that he is a resident of the County of Kings, State of New York; defendant WESTERN EXPRESS INC. is a corporation in the State of Tennessee; and defendant MICHAEL KEVIN BUNJER is a citizen of the State of Maryland; see Exhibit A at Summons, and Second and Third ¶s of plaintiff's Complaint.

9.      Furthermore, after this case was once before removed to this Honorable Court, Magistrate Roanne L. Mann issued a *Sua Sponte* Report and Recommendation on October 15, 2019, a copy of which is annexed hereto as **Exhibit "B"**, recommending that the action be remanded back to the Supreme Court, Kings County, because the jurisdiction amount is not clearly alleged in the plaintiff's Complaint, and the defendants' Notice of Removal failed to allege facts adequate to establish that the amount in controversy exceeded the jurisdictional amount. Magistrate Mann also ordered that the objections to the *Sua Sponte* Report be filed no later than October 29, 2019.

10.     Pursuant to the *Sua Sponte* Report, defendants filed Partial Opposition on October

21, 2019, in part arguing that if the case was remanded back to the Supreme Court, Kings County, it be respectfully submitted that defendants reserve their right, pursuant to 28 U.S.C. §1446(b)(3), to serve a Notice to Remove this case back to Federal Court if it was determined at a later date that damages did exceed $75,000. A copy of defendants' Partial Opposition is annexed hereto as **Exhibit "C"**.

11.     On November 4, 2019, this Honorable Court, through District Court Judge Pamela K. Chen issued an Order adopting the report recommendations from Magistrate Mann and remanded the case back to the Supreme Court, Kings County. A copy of said Order is annexed hereto as **Exhibit "D"**.

12.     Prior to District Court Judge Pamela K. Chen issuing the Order remanding the case back to State Court, the defendants served upon plaintiff's original attorney, Bignell Law, PLLC, a letter dated October 18, 2019, a copy of which is annexed hereto as **Exhibit "E"**, requesting the plaintiff either stipulate that their damages do not exceed the $75,000 threshold for removal, or, in the alternative, provide copies of plaintiff's medical records, along with a settlement demand if, in fact, the damages did exceed $75,000. There was no response to this letter, as plaintiff simply ignored it, realizing that there was limited time to keep the case in Federal Court as per Magistrate Mann's *Sua Sponte* Report and Recommendation.

13.     On or about December 11, 2019, plaintiff's new attorney, Bryan Barenbaum, Esq., from the Law Offices of Bryan Barenbaum, Esq., filed a Notice of Appearance and a Consent to Change Attorney Stipulation, copies of which are collectively annexed hereto as **Exhibit "F"**.

14.     Thereafter, on December 12, 2019, plaintiff's new attorney, Mr. Barenbaum, responded, to our Demand for Damages, a copy of which is annexed hereto as **Exhibit "G"**,

wherein plaintiff demanded $400,000 in damages. I then spoke with Mr. Barenbaum who advised that as a result of the accident which is the subject of this lawsuit, his client suffered a knee injury which required arthroscopic surgery, and he verily believed that the case had a value in excess of $75,000 and agreed that he would not object to the case being remanded back to Federal Court.

15. A prior application for the same relief was made to this Honorable Court seeking removal on October 14, 2019, a copy of which is annexed hereto as **Exhibit "H"**.

16. On December 20, 2019, defendants filed an Amended Notice of Removal seeking that the case be removed from Supreme Court of New York, Kings County to the United States District Court for Eastern District of New York. District Court Judge Pamela K. Chen issued an Order dated December 23, 2019, advising the defendants to commence a new action. A copy of said docket text Order is annexed hereto as **Exhibit "I"**.

17. The parties wrote to Judge Pamela K. Chen, dated January 23, 2020, a copy of which is annexed hereto as **Exhibit "J"** requesting a conference so as to clarify what the court meant that the defendants were to file a new action. By way of ECF, Judge Chen denied the application and further advised the defendants to file a new Notice of Removal under a new Civil Case Number. A copy of the docket text Order is annexed hereto as **Exhibit "K"**.

18. This new Notice of Removal is being filed in accordance with District Court Judge Chen's docket text Orders of December 23, 2019 and January 24, 2020.

19. Defendants filed their original Amended Notice of Removal within thirty days after having received plaintiff's settlement demand of $400,000. Although more than thirty days has now expired since plaintiff provided the settlement demand (Exhibit "G") the amended Notice of Removal, although rejected, was timely filed within thirty days of receiving plaintiff's

4

demand.

**WHEREFORE**, defendants, WESTERN EXPRESS INC. and MICHAEL KEVIN BUNJER, respectfully request that this action be removed from the Supreme Court of the State of New York, County of Kings, to this Honorable Court, and that this Court assume jurisdiction of this action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial.

Dated: January 27, 2020
New York, New York

Yours, etc.

RAVEN & KOLBE, LLP

By: _____

Keith A. Raven (KR-8086)
Attorneys for Defendants
WESTERN EXPRESS INC.
and MICHAEL KEVIN BUNJER
126 East 56th Street, Suite 202
New York, New York 10022
Tel. (212) 759-7466
Fax (212) 759-0166
File No.: 861-099-01

TO:

Law Offices of Bryan Barenbaum
Attorneys for Plaintiff
GLENDON CHARLES
2060 Eastern Pkwy
Brooklyn, New York 11207
Tel. (718) 421-1111

EXHIBIT "A"

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM

NYSCEF DOC. NO. 1

INDEX NO. 518598/2019

RECEIVED NYSCEF: 08/22/2019

SUPREME COURT OF THE STATE OF NEW YORK   Index No.:
COUNTY OF KINGS

------------------------------------------------------------------X   **SUMMONS**

GLENDON CHARLES,

Plaintiff designates Kings
County as the Place of Trial

                                        Plaintiff,

Basis of venue is

                  -against-                 Plaintiff's residence

WESTERN EXPRESS INC. and MICHAEL KEVIN       Plaintiff resides at
BUNJER,                                       74 Williams Avenue
                                              Brooklyn, New York

                                        Defendants.

------------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after the service of this summons is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint, together with the costs of this action.

Dated: Brooklyn, New York
       August 20th, 2019

                                        Yours, etc.,

                                        BIGNELL LAW, PLLC.
                                        Attorneys for Plaintiff
                                        922 Saratoga Avenue
                                        Brooklyn, New York 11212
                                        Phone: (718) 345-3000
                                        Fax: (718) 345-3100

**Defendants' Addresses:**

**WESTERN EXPRESS INC.**
**7135 Centennial Place**
**Nashville, Tennessee 37209**

**MICHAEL KEVIN BUNJER**
**816 Aztec Drive**
**Frederick, Maryland 21701**
                  **SEND TO YOUR INSURANCE COMPANY PROMPTLY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X

GLENDON CHARLES,

Index No.:

Plaintiff,

**VERIFIED COMPLAINT**

-against-

WESTERN EXPRESS INC. and MICHAEL KEVIN
BUNJER,

Defendants.
-----------------------------------------------------------------------X

Plaintiff, GLENDON CHARLES by his attorneys BIGNELL LAW, PLLC. complaining

of the defendants herein, respectfully alleges, upon information and belief, as follows:

## AS AND FOR THE FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GLENDON CHARLES

1. That at all times herein mentioned, plaintiff, GLENDON CHARLES was and still is a resident
   of the County of Kings, City and State of New York.

2. That at all times herein mentioned defendant, MICHAEL KEVIN BUNJER was and still is a
   resident of the City of Frederick and State of Maryland.

3. That at all times herein mentioned, defendant, WESTERN EXPRESS INC. was and still is a
   domestic corporation duly organized and existing under and by virtue of the laws of the State
   of Tennessee.

4. That at all times mentioned herein, defendant, WESTERN EXPRESS INC. was and still is a
   foreign corporation duly organized and existing under and by virtue of the laws of a state
   other than the State of Tennessee but licensed to do business within the State of Tennessee.

5. That at all times mentioned herein, defendant, WESTERN EXPRESS INC. Was and is a
   business entity duly organized and existing pursuant to the laws of the State of Tennessee.

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM

NYSCEF DOC. NO. 1

INDEX NO. 518598/2019

RECEIVED NYSCEF: 08/22/2019

6. That at all times mentioned herein, defendant, WESTERN EXPRESS INC. was and is a business entity duly organized and existing pursuant to the laws of a state other than the State of New York but doing business within the State of New York.

7. That at all times mentioned herein, defendant WESTERN EXPRESS INC, was and is a partnership duly organized and existing pursuant to the laws of the State of Tennessee.

8. That at all times herein mentioned, defendant WESTERN EXPRESS INC, was and still is a limited liability company duly organized and existing pursuant to the laws of the State of Tennessee.

9. Defendant, MICHAEL KEVIN BUNJER, was and is an agent, servant and/or employee of defendant, WESTERN EXPRESS INC.

10. At all times hereinafter mentioned, defendant, MICHAEL KEVIN BUNJER, was acting within the course and scope of his employment with defendant, WESTERN EXPRESS INC.

11. That at all times herein mentioned defendant, WESTERN EXPRESS INC. is liable under the doctrine of respondent superior.

12. That at all times hereinafter mentioned defendant, WESTERN EXPRESS INC, was the owner of a 2016 International motor vehicle bearing Tennessee State Registration Number F1236HY.

13. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, was the operator of the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

14. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. was the lessee of the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

15. Upon information and belief, that at all times and places hereinafter mentioned, the defendant,

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

WESTERN EXPRESS INC. was the lessor of the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

16. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. maintained the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

17. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. managed the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

18. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. controlled the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

19. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. inspected the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

20. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. repaired the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

21. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the express permission of the defendant, WESTERN EXPRESS INC.

22. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the express consent of the defendant, WESTERN EXPRESS INC.

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

23. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the express knowledge of the defendant, WESTERN EXPRESS INC.

24. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the implied permission of the defendant, WESTERN EXPRESS INC.

25. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the implied consent of the defendant, WESTERN EXPRESS INC.

26. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the implied knowledge of the defendant, WESTERN EXPRESS INC.

27. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, was the lessee of the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

28. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, was the lessor of the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

29. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, maintained the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

30. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, managed the aforesaid motor vehicle bearing Tennessee State

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

Registration Number F1236HY.

31. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, controlled the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

32. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, inspected the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

33. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, repaired the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

34. Upon information and belief, that at all times and places hereinafter mentioned, the plaintiff was an operator of a motor vehicle bearing New Jersey State Registration Number N60JJS.

35. That at all times and places hereinafter mentioned, Glenmore Avenue, in the County of Kings, City and State of New York, was and still is a public street/highway in common use of the residents of the City and State of New York and others.

36. That on March 7th, 2019, plaintiff, GLENDON CHARLES, was lawfully and properly operating a motor vehicle at the above-mentioned location.

37. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER was solely responsible for the proper and prudent operation, management, maintenance and control of his aforesaid motor vehicle.

38. That on March 7th, 2019, at the aforementioned location, the aforesaid motor vehicle owned by defendant, WESTERN EXPRESS INC. and operated by defendant, MICHAEL KEVIN BUNJER struck the motor vehicle operated by plaintiff.

39. That on March 7th, 2019, at the aforementioned location, the aforesaid motor vehicle owned by defendant, WESTERN EXPRESS INC. and operated by defendant, MICHAEL KEVIN BUNJER came into contact with the motor vehicle operated by plaintiff.

40. That on or about March 7th, 2019, at approximately 7:31 PM the subject motor vehicle owned by defendant, WESTERN EXPRESS INC., operated, managed, maintained, controlled, inspected and repaired by defendant, MICHAEL KEVIN BUNJER violently collided and came in contact with a motor vehicle operated, managed, maintained, controlled, inspected and repaired by plaintiff causing the plaintiff to sustain serious and permanent injuries as hereinafter alleged.

41. That as a result thereof, the plaintiff, was caused to sustain severe and serious injuries.

42. That the aforesaid occurrence was caused by reason of the carelessness, recklessness and negligence of the defendant, MICHAEL KEVIN BUNJER, in operation, maintenance, management and control of his aforesaid automobile without any negligence on the part of the plaintiff contributing thereto.

43. That the plaintiff's said injuries and damages were caused by the reckless, carelessness and negligence of the defendant, MICHAEL KEVIN BUNJER, in negligent operation of the aforesaid motor vehicle, without any fault of negligence on the part of the plaintiff contributing thereto in any manner, and said injuries are severe and permanent.

44. That as a result of the aforesaid occurrence, the plaintiff, was rendered sick, sore, lame and disabled and has remained so since the said occurrence. He has sustained nervous shock and continues to suffer mental anguish and great physical pain. He has been compelled to undergo medical aid, treatment and attention and expand money and incur obligations for physicians' services, medical and hospital expenses for the care and treatment of his injuries; and upon

information and belief, he will be compelled to expend additional sums of money and incur further obligations in the future for additional physicians' services, medical and hospital expenses for the further care and treatment of his injuries. He has been incapacitated from attending to his usual duties, functions, occupations, vocations and avocations, and in other ways he was damaged, and upon information and belief may be so incapacitated in the future and will suffer pecuniary losses.

45. That the plaintiff, GLENDON CHARLES, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of Sections 5102 and 5104 of the Insurance Law.

46. Upon information and belief, that this action falls within one or more of the exceptions enunciated in Section 1601 and 1602 of the New York CPLR.

47. That plaintiff is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

48. The plaintiff was caused to sustain and incur medical bills and out-of-pocket expenses in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

49. That by reason of the foregoing, plaintiff, GLENDON CHARLES, has been damaged in the sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

## AS AND FOR THE SECOND CAUSE OF ACTION ON BEHALF

[FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM]
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

## OF PLAINTIFF, GLENDON CHARLES

50. The plaintiff, GLENDON CHARLES, repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "49" inclusive, of the first cause of action, with the same force and effect, as if more fully set forth herein at length.

51. The defendant, WESTERN EXPRESS INC., negligently failed to evaluate, inspect, inquire into and review defendant, MICHAEL KEVIN BUNJER driving record prior to hiring / retaining him.

52. The defendant, WESTERN EXPRESS INC., negligently failed to periodically review and evaluate defendant, MICHAEL KEVIN BUNJER driving record prior to hiring / retaining him.

53. The defendant, WESTERN EXPRESS INC., negligently failed to train, instruct and supervise the defendant, MICHAEL KEVIN BUNJER regarding the operation of a motor vehicle.

54. The defendant, WESTERN EXPRESS INC., negligently entrusted the aforesaid motor vehicle to the defendant, MICHAEL KEVIN BUNJER.

55. That at all times as stated herein upon information and belief defendant, WESTERN EXPRESS INC. negligently entrusted 2016 International motor vehicle bearing Tennessee State Registration Number F1236HY to defendant, MICHAEL KEVIN BUNJER in that defendant, WESTERN EXPRESS INC. possessed special knowledge concerning a characteristic or condition peculiar to defendant, MICHAEL KEVIN BUNJER that rendered his use of the vehicle unreasonably dangerous, at the time and place stated herein.

56. The aforesaid occurrence and resulting injuries to the plaintiff, GLENDON CHARLES due solely to the carelessness, recklessness and negligence of the defendants without any fault or wrongful doing on the part of the plaintiff contributing thereto.

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

57. The aforesaid occurrence and resulting injuries to plaintiff, GLENDON CHARLES were due to the carelessness, recklessness and negligence of the defendants.

58. Defendants, their agents, servants, licensees and employees, were negligent, careless and reckless in the ownership, operation, management, maintenance, repair, supervision, training, inquiry, instruction, entrustment, use and control of the aforesaid vehicle(s) and were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

59. Defendant WESTERN EXPRESS INC., their agents, servants, licensees and employees, were negligent, careless and reckless in the hiring, retention, evaluation, supervision, training, inquiry, instruction of defendant, MICHAEL KEVIN BUNJER who was unqualified, incompetent, and/or negligent and careless, and were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

**WHEREFORE**, the plaintiff, GLENDON CHARLES, demands judgment against the defendants, WESTERN EXPRESS INC. and MICHAEL KEVIN BUNJER, in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action: together with the interest, costs and disbursements.

Dated: Brooklyn, New York
August 20th, 2019

Yours etc..

BIGNELL LAW, PLLC.
Attorneys for Plaintiff
922 Saratoga Avenue
Brooklyn, New York 11212
Phone: (718) 345-3000
Fax: (718) 345-3100

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM

NYSCEF DOC. NO. 1

INDEX NO. 518598/2019

RECEIVED NYSCEF: 08/22/2019

WESTERN EXPRESS INC.
7135 Centennial Place
Nashville, Tennessee 37209

MICHAEL KEVIN BUNJER
816 Aztec Drive
Frederick, Maryland 21701

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM

NYSCEF DOC. NO. 1

INDEX NO. 518598/2019

RECEIVED NYSCEF: 08/22/2019

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF _KINGS_ )ss:

I, the undersigned, being duly sworn depose and say:

I am Plaintiff in the within action. I have read the foregoing _summons_ and know the contents thereof. The content is true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

x  _G. Charles_

Sworn before me this

_____ Day of _____ 20 _79_

_____
Notary Public

ELLEN KOGAN
Commissioner of Deeds
City of New York - No. 211147
Cert. Filed in Kings County
Comm. Expires Aug. 1, 20___

[FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM]

NYSCEF DOC. NO. 1

INDEX NO. 518598/2019

RECEIVED NYSCEF: 08/22/2019

Index No.:

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

----------------------------------------------------------------------X

GLENDON CHARLES,

Plaintiff,

-against -

WESTERN EXPRESS INC. and MICHAEL KEVIN
BUNJER,

Defendants.

----------------------------------------------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

**BIGNELL LAW, PLLC.**
**Attorneys for Plaintiff**
**922 Saratoga Avenue**
**Brooklyn, New York 11212**
**Phone: (718) 345-3000**
**Fax: (718) 345-3100**

EXHIBIT "B"

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

**GLENDON CHARLES,**

**Plaintiff,**

- against -

**WESTERN EXPRESS INC. and MICHAEL
KEVIN BUNJER,**

**Defendants.**

-------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

**19-CV-5790 (PKC)**

## ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:

Defendants Western Express Inc. and Michael Kevin Bunjer ("defendants") removed

this personal injury action to this Court on October 14, 2019, on the ground that the parties are

citizens of different states and the amount in controversy exceeds $75,000. See Notice of

Removal (Oct. 14, 2019), Electronic Case Filing Docket Entry ("DE") #1.   Under 28 U.S.C.

§ 1447(c), a federal court may *sua sponte* remand an action at any time for a lack of subject

matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127,

133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993);

28 U.S.C. § 1447(c).  The party seeking removal to federal court bears the burden of

establishing that the requirements for diversity jurisdiction have been met.   See Mehlenbacher

v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).  The amount in controversy is

evaluated "on the basis of the pleadings, viewed at the time when defendant files the notice of

removal." Wurtz v. Rawlings Co., LLC, 761 F.3d 232, 239 (2d Cir. 2014).

Pursuant to 28 U.S.C. § 1446(b), the notice of removal must be filed within thirty days

after the defendant has received a copy of the complaint or after receipt by the defendant of a

document "from which it may first be ascertained" that the action is removable. See 28 U.S.C. § 1446(b). In the instant action, the complaint served on defendants does not contain an *ad damnum* and defendants do not cite to any allegation in the complaint to demonstrate that plaintiff seeks damages in excess of $75,000. See Notice of Removal ¶ 10.

To be sure, plaintiff alleges in the complaint that he "sustain[ed] serious and permanent injuries" and "was rendered sick, sore, lame and disabled and has remained so since the said occurrence." See Complaint ("Compl.") ¶¶ 41, 44 (attached as Ex. A to Notice of Removal). Nevertheless, these boilerplate allegations do not establish that the amount in controversy suffices to support diversity jurisdiction. See Perez v. Smith, 19-CV-2085 (RJD), 2019 WL 2372497, at *1 (E.D.N.Y. June 3, 2019); Walker v. Rodgers, No. 15 CV 07376 (PKC)(MDG), 2016 WL 236223, at *2 & n.2 (E.D.N.Y. Jan. 19, 2016); Valente v. Garrison from Harrison LLC, No. 15-cv-6522 (DLI)(MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016). Nor is the monetary threshold for diversity jurisdiction satisfied by the allegation that plaintiff has been damaged in an amount that "exceeds the jurisdictional limits of all lower courts," Compl. ¶ 49: the jurisdictional limitation of the lower civil courts of New York is $25,000. See Valente, 2016 WL 126375, at *1.

Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo v. Human

-2-

Affairs Int'l, Inc., 28 F.3d 269, 273-74 (2d Cir. 1994). Therefore, this Court respectfully recommends that the action be remanded to the Supreme Court of New York, Kings County.

Any objections to this Report and Recommendation must be filed with the Honorable Pamela K. Chen on or before **October 29, 2019**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: Brooklyn, New York
October 15, 2019

/s/ _Roanne L. Mann_

ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE

EXHIBIT "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GLENDON CHARLES,                              :     Civil No.: 19-cv-05790-PKC-RLM
                                             :
                  Plaintiff(s),              :         **DEFENDANTS'**
                                             :      **PARTIAL OPPOSITION**
      -against-                              :      **TO REMANDING OF CASE**
                                             :      **BACK TO STATE COURT**
WESTERN EXPRESS INC., and MICHAEL            :
KEVIN BUNJER,                                :
                                             :
                  Defendant(s).              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

KEITH A. RAVEN, an attorney duly admitted to practice law before the Courts of the State of New York, as well as the United States District Court for the Eastern District, declares the following to be true under penalty of perjury:

1.    Your affirmant is a member of the law firm of RAVEN & KOLBE, LLP, attorneys for defendants, WESTERN EXPRESS INC., and MICHAEL KEVIN BUNJER, (hereinafter referred to as "defendants"), in the above entitled action.

2.    Defendants originally removed this matter to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1332, §1441 and §1446.

3.    This Honorable Court issued a *sua sponte* report and recommendation on October 15, 2019, recommending that the action be remanded back to the Supreme Court, Kings County, and that any objections were to be filed no later than October 29, 2019.

4.    While your affirmant certainly understands the Court's position that at this early stage the plaintiff's damages may not exceed $75,000, but your affirmant did have in its possession the Police Report, which shows that the plaintiff was, in fact, injured as a result of the accident and taken away by ambulance from the scene.

5.    Nevertheless, if, in fact, the case is remanded back to the Supreme Court, Kings County, it be respectfully submitted that after receipt of plaintiff's Response to defendants' Demand for damages, and Response to Demand for plaintiff's medical records and injuries, that defendants reserve the right, pursuant to 28 U.S.C. §1446(b)(3) to serve a Notice to remove the case to this Honorable Court if warranted.

**WHEREFORE,** the above is respectfully submitted to this Honorable Court for consideration.

Dated: October 21, 2019
       New York, New York

Yours, etc.

RAVEN & KOLBE, LLP

By: _____

Keith A. Raven (KR-8086)
Attorneys for Defendants
WESTERN EXPRESS INC.
and MICHAEL KEVIN BUNJER
126 East 56th Street, Suite 202
New York, New York 10022
Tel. (212) 759-7466
Fax (212) 759-0166
File No.: 861-099-01

TO:

BIGNELL LAW, PLLC
Attorneys for Plaintiff
GLENDON CHARLES
922 Saratoga Avenue
Brooklyn, New York 11212
Tel. (718) 345-3000
Fax (718) 345-3100

2

## AFFIDAVIT OF SERVICE BY ECF

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

Yvonne C. Maida, being duly sworn, deposes and says:

1. That she is an employee in the office of RAVEN & KOLBE, LLP, attorneys herein.

2. That deponent is not a party to the action or proceeding, is over eighteen (18) years of age, and resides in Brooklyn, New York.

3. That on October 21, 2019, she filed via ECF and served the within copy of the **DEFENDANTS' PARTIAL OPPOSITION TO REMANDING OF CASE BACK TO STATE COURT** upon:

> BIGNELL LAW, PLLC
> 922 Saratoga Avenue
> Brooklyn, New York 11212

[omit] by depositing a true copy of the same securely in a postpaid wrapper, in a Post Office Box regularly maintained by the United States Government directed to the above-mentioned parties at their respective address above, that this being the address within the State designated by them for the purpose upon the preceding papers in this action or the place where they then kept an office, between which place, there then was and now is a regular communication by mail.

YVONNE C. MAIDA

Sworn to before me this
21st day of October, 2019

Lorna Rodney
Notary Public, State of New York
No. 01R05056568
Qualified in Kings County
Commission Expires 3-4-22

EXHIBIT "D"

**Full docket text:**
ORDER ADOPTING REPORT AND RECOMMENDATION: The Court has reviewed and adopts in its entirety the Honorable Roanne L. Mann's [5] Report & Recommendation, recommending remand of the action. Defendants filed a partial objection, noting that they are in possession of a police report confirming that Plaintiff was injured as a result of the accident. However, information about Plaintiff's injuries does not suffice to establish the amount in controversy required for federal subject matter jurisdiction. *See Valente v. Garrison From Harrison LLC,* No. 15-CV-6522 (DLI) (MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016). The Court finds that the Report & Recommendation is neither "clearly erroneous" nor "contrary to law." *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Therefore, as recommended, this action is hereby remanded to New York State Supreme Court, Kings County, under Index No. 518598/2019. Ordered by Judge Pamela K. Chen on 11/4/2019. (Shi, Yi Qing)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/12/2019 16:41:36 | | | |
| **PACER Login:** | Karaven4709 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:19-cv-05790-PKC-RLM |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT "E"



# RAVEN & KOLBE, LLP
ATTORNEYS AT LAW

126 EAST 56TH STREET
SUITE 202
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 759-7466
FACSIMILE: (212) 759-0166
www.ravenkolbe.com

October 18, 2019

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**#7008 1830 0002 8504 2390**

BIGNELL LAW, PLLC
922 Saratoga Avenue
Brooklyn, New York 11212

    Re:   *Glendon Charles v. Western Express Inc. and Michael Kevin Bunjer*
         USDC Eastern District of New York Civil No.: 19-Cv-05790-Pkc-Rlm
         Our File No.: 861-099-01

Dear Counselors,

    As you know, my firm represents the defendants in the above matter.

    As you are also probably aware, the Magistrate Judge has remanded this case back to State Court in light of the fact that there is no evidence that your client's injuries are worth more than $75,000.

    In light of the above, we are requesting that you either stipulate that your client's damages do not exceed the $75,000 threshold for removal or, in the alternative, if your client's injuries do, in fact, exceed the $75,000 threshold, please provide your client's medical records along with a settlement demand.

    Thank you for your time and attention to this matter.

               Very truly yours,

               RAVEN & KOLBE, LLP

KAR/ym                   Keith A. Raven

EXHIBIT "F"

**FILED: KINGS COUNTY CLERK 12/11/2019 08:29 PM**

NYSCEF DOC. NO. 7

INDEX NO. 518598/2019

RECEIVED NYSCEF: 12/11/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-----------------------------------------------------------------------------X    Index No.: 518598/19

GLENDON CHARLES,

                                   Plaintiff,

      -against-

WESTERN EXPRESS INC.,
and MICHAEL KEVIN BUNJER,

                                 Defendants,

-----------------------------------------------------------------------------X

**NOTICE**
**OF APPEARANCE**

      **PLEASE TAKE NOTICE,** that the undersigned appears herein as Counsel for Plaintiff in place of Bignell Law, PLLC.

Dated: December 11, 2019
      Brooklyn, NY

                                   Bryan Barenbaum, Esq.
                                   Attorney for Plaintiff
                                   2060 Eastern Parkway
                                   Brooklyn, New York 11207
                                   (718) 421-1111

FILED: KINGS COUNTY CLERK 12/11/2019 08:29 PM
NYSCEF DOC. NO. 7

INDEX NO. 518598/2019
RECEIVED NYSCEF: 12/11/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------X

GLENDON CHARLES

                          Plaintiff(s),

Index No. **518598/19**

        against

**CONSENT
TO CHANGE
ATTORNEY**

WESTERN EXPRESS INC., et al Defendant(s).

------------------------------------------------------------------X

It is hereby consented that BRYAN BARENBAUM, ESQ, at 2060 EASTERN PARKWAY,
BROOLKYN, NY 11207, be substituted as attorney(s) of record for the undersigned party in the
above-entitled action in place and stead of the undersigned attorney(s) as of the date hereof.

Dated: 10/28/19

                                  G. Charles

                                  GLENDON CHARLES

                                  By: Christopher Bignell,
                                  Bignell Law, PLLC
                                  Outgoing Attorney

                                  By: Bryan Barenbaum
                                  Law Offices of Bryan Barenbaum, ESQ

STATE OF NEW YORK    )                Incoming Attorney
                       ) ss.:
COUNTY OF KINGS     )

On the 28 day of October, 2019 before me personally came GLENDON
CHARLES to me known, and known to me to be the same person described in who executed the
foregoing consent and acknowledged to me that he executed the same.

                                  Notary Public

VERONICA NIEVES
Commissioner of Deeds
City of New York - No. 2-14162
Cert. Filed In Kings County
Comm. Expires July 1, 2021

EXHIBIT "G"

FILED: KINGS COUNTY CLERK 12/12/2019 12:48 PM
NYSCEF DOC. NO. 8

INDEX NO. 518598/2019
RECEIVED NYSCEF: 12/12/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X

GLENDON CHARLES,

                                        Plaintiff,

-against-

WESTERN EXPRESS INC.,
and MICHAEL KEVIN BUNJER,

                                        Defendants,
-----------------------------------------------------------------------X

Index No.: 518598/19

Response to
Damages Demand

Please be advised that Plaintiff at this time demands $400,000.00.

Dated: December 12, 2019
       Brooklyn, NY

_____

Bryan Barenbaum, Esq.
Attorney for Plaintiff
2060 Eastern Parkway
Brooklyn, New York 11207
(718) 421-1111

FILED: KINGS COUNTY CLERK 12/12/2019 12:48 PM
NYSCEF DOC. NO. 8

INDEX NO. 518598/2019
RECEIVED NYSCEF: 12/12/2019

## ATTORNEY'S AFFIRMATION OF SERVICE

STATE OF NEW YORK    }
                          } ss.:
COUNTY OF KINGS      }

        I, Bryan Barenbaum, a licensed NYS attorney, the undersigned, affirm and say;
I am not a party to the action, am over 18 years of age and reside in New York.

On 12/12/19, I served the within Response
To:

Raven & Kolbe, LLP
126 East 56th Street, Suite 202
New York, NY 10022

The attorneys for defendant(s) at the address designated for that purpose, by depositing a
true copy of same enclosed in a postpaid, properly adduced wrapper, in a post office –
official depository under the exclusive care and custody of the United States Postal
Service within the State of New York.

Bryan Barenbaum, Esq.

EXHIBIT "H"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GLENDON CHARLES,                :    Civil No.:   -cv-
                                         :
            Plaintiff(s),           :       **NOTICE OF REMOVAL**
                                           :
    -against-                       :
                                           :
WESTERN EXPRESS INC., and MICHAEL   :
KEVIN BUNJER,                     :
                                           :
           Defendant(s).         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## TO: **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE defendants, WESTERN EXPRESS INC. and MICHAEL

KEVIN BUNJER, by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441,

and 1446, respectfully submit this Notice of Removal of this action from the Supreme Court of

New York, County of Kings, in which this action is pending, to the United States District Court

for the Eastern District of New York, being the district embracing the place where the action is

pending. In support of this Notice of Removal, defendants state as follows:

1.      On or about August 22, 2019, plaintiff filed a lawsuit in the Supreme Court of the

State of New York, County of Kings, under Index No.: 518598/2019. A true and complete copy

of plaintiff's Summons and Complaint is attached hereto and made a part hereof as **Exhibit "A"**.

2.      Plaintiff's Summons and Complaint was served on defendant, WESTERN

EXPRESS INC., via Secretary of State of New York on or about September 17, 2019.

3.      Plaintiff, GLENDON CHARLES, is a resident and domiciliary of the County of

Kings, City and State of New York.

4.    Defendant, WESTERN EXPRESS INC., is a Tennessee corporation.

5.    Defendant, MICHAEL KEVIN BUNJER, is a resident and domiciliary of the State of Maryland.

6.    This Notice of Removal is timely filed: thirty (30) days have not elapsed since defendant first received a copy of plaintiff's Summons and Complaint 28 U.S.C. §1446(b).

7.    A copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Kings, and served on all parties as required by 28 U.S.C. §1446(d).

8.    This Court has original jurisdiction over this action because there is complete diversity between the parties under 28 U.S.C. §1332(a), and this action is removable to this Court pursuant to 28 U.S.C. §1441(a)-(b).

9.    There is complete diversity of citizenship between the plaintiff and the defendants in this action because plaintiff alleges that he is a resident of the County of Kings, State of New York; defendant WESTERN EXPRESS INC. is a corporation in the State of Tennessee; and defendant MICHAEL KEVIN BUNJER is a citizen of the State of Maryland; see Exhibit A at Summons, and Second and Third ¶s of plaintiff's Complaint.

10.    Furthermore, the amount in controversy exceeds $75,000, exclusive of interests, costs and attorneys' fee.

11.    No prior application for the same or similar relief has been made to this or any other Court.

**WHEREFORE,** defendants, WESTERN EXPRESS INC. and MICHAEL KEVIN BUNJER, respectfully request that this action be removed from the Supreme Court of the State of New York, County of Kings, to this Honorable Court, and that this Court assume jurisdiction

2

of this action and issue such further orders and processes as may be necessary to bring before it

all parties necessary for the trial.

Dated: October 14, 2019
New York, New York

                Yours, etc.

                RAVEN & KOLBE, LLP

By: _____

                Keith A. Raven (KR-8086)
                Attorneys for Defendants
                WESTERN EXPRESS INC.
                and MICHAEL KEVIN BUNJER
                126 East 56th Street, Suite 202
                New York, New York 10022
                Tel. (212) 759-7466
                Fax (212) 759-0166
                File No.: 861-099-01

TO:

BIGNELL LAW, PLLC
Attorneys for Plaintiff
GLENDON CHARLES
922 Saratoga Avenue
Brooklyn, New York 11212
Tel. (718) 345-3000
Fax (718) 345-3100

3

# EXHIBIT "A"

**FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM**
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

SUPREME COURT OF THE STATE OF NEW YORK    Index No.:
COUNTY OF KINGS

------------------------------------------------------------------X    **SUMMONS**

GLENDON CHARLES,

                                                                    Plaintiff designates Kings
                                                                    County as the Place of Trial

                               Plaintiff,

                                                                    Basis of venue is
          -against-                                                 Plaintiff's residence

WESTERN EXPRESS INC. and MICHAEL KEVIN              Plaintiff resides at
BUNJER,                                             74 Williams Avenue
                                                    Brooklyn, New York

                               Defendants.

------------------------------------------------------------------X

## TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after the service of this summons is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint, together with the costs of this action.

Dated: Brooklyn, New York
          August 20th, 2019

                                             Yours, etc.,

                                             BIGNELL LAW, PLLC.
                                             Attorneys for Plaintiff
                                             922 Saratoga Avenue
                                             Brooklyn, New York 11212
                                             Phone: (718) 345-3000
                                             Fax: (718) 345-3100

**Defendants' Addresses:**

**WESTERN EXPRESS INC.**
**7135 Centennial Place**
**Nashville, Tennessee 37209**

**MICHAEL KEVIN BUNJER**
**816 Aztec Drive**
**Frederick, Maryland 21701**
          **SEND TO YOUR INSURANCE COMPANY PROMPTLY**

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

GLENDON CHARLES,

            Plaintiff,

    -against-

WESTERN EXPRESS INC. and MICHAEL KEVIN
BUNJER,

            Defendants.

-------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

   Plaintiff, GLENDON CHARLES by his attorneys BIGNELL LAW, PLLC. complaining

of the defendants herein, respectfully alleges, upon information and belief, as follows:

## AS AND FOR THE FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GLENDON CHARLES

1. That at all times herein mentioned, plaintiff, GLENDON CHARLES was and still is a resident

  of the County of Kings, City and State of New York.

2. That at all times herein mentioned defendant, MICHAEL KEVIN BUNJER was and still is a

  resident of the City of Frederick and State of Maryland.

3. That at all times herein mentioned, defendant, WESTERN EXPRESS INC. was and still is a

  domestic corporation duly organized and existing under and by virtue of the laws of the State

  of Tennessee.

4. That at all times mentioned herein, defendant, WESTERN EXPRESS INC. was and still is a

  foreign corporation duly organized and existing under and by virtue of the laws of a state

  other than the State of Tennessee but licensed to do business within the State of Tennessee.

5. That at all times mentioned herein, defendant, WESTERN EXPRESS INC. Was and is a

  business entity duly organized and existing pursuant to the laws of the State of Tennessee.

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

6.  That at all times mentioned herein, defendant, WESTERN EXPRESS INC. was and is a business entity duly organized and existing pursuant to the laws of a state other than the State of New York but doing business within the State of New York.

7.  That at all times mentioned herein, defendant WESTERN EXPRESS INC. was and is a partnership duly organized and existing pursuant to the laws of the State of Tennessee.

8.  That at all times herein mentioned, defendant WESTERN EXPRESS INC. was and still is a limited liability company duly organized and existing pursuant to the laws of the State of Tennessee.

9.  Defendant, MICHAEL KEVIN BUNJER, was and is an agent, servant and/or employee of defendant, WESTERN EXPRESS INC.

10. At all times hereinafter mentioned, defendant, MICHAEL KEVIN BUNJER, was acting within the course and scope of his employment with defendant, WESTERN EXPRESS INC.

11. That at all times herein mentioned defendant, WESTERN EXPRESS INC. is liable under the doctrine of respondent superior.

12. That at all times hereinafter mentioned defendant, WESTERN EXPRESS INC. was the owner of a 2016 International motor vehicle bearing Tennessee State Registration Number F1236HY.

13. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, was the operator of the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

14. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. was the lessee of the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

15. Upon information and belief, that at all times and places hereinafter mentioned, the defendant,

**FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM**
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

WESTERN EXPRESS INC. was the lessor of the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

16. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. maintained the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

17. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. managed the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

18. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. controlled the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

19. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. inspected the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

20. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, WESTERN EXPRESS INC. repaired the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

21. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the express permission of the defendant, WESTERN EXPRESS INC.

22. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the express consent of the defendant, WESTERN EXPRESS INC.

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

23. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the express knowledge of the defendant, WESTERN EXPRESS INC.

24. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the implied permission of the defendant, WESTERN EXPRESS INC.

25. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the implied consent of the defendant, WESTERN EXPRESS INC.

26. That on March 7th, 2019, and at all times hereinafter mentioned defendant, MICHAEL KEVIN BUNJER operated the aforementioned motor vehicle with the implied knowledge of the defendant, WESTERN EXPRESS INC.

27. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, was the lessee of the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

28. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, was the lessor of the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

29. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, maintained the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

30. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, managed the aforesaid motor vehicle bearing Tennessee State

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

Registration Number F1236HY.

31. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, controlled the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

32. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, inspected the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

33. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER, repaired the aforesaid motor vehicle bearing Tennessee State Registration Number F1236HY.

34. Upon information and belief, that at all times and places hereinafter mentioned, the plaintiff was an operator of a motor vehicle bearing New Jersey State Registration Number N60JJS.

35. That at all times and places hereinafter mentioned, Glenmore Avenue, in the County of Kings, City and State of New York, was and still is a public street/highway in common use of the residents of the City and State of New York and others.

36. That on March 7th, 2019, plaintiff, GLENDON CHARLES, was lawfully and properly operating a motor vehicle at the above-mentioned location.

37. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MICHAEL KEVIN BUNJER was solely responsible for the proper and prudent operation, management, maintenance and control of his aforesaid motor vehicle.

38. That on March 7th, 2019, at the aforementioned location, the aforesaid motor vehicle owned by defendant, WESTERN EXPRESS INC. and operated by defendant, MICHAEL KEVIN BUNJER struck the motor vehicle operated by plaintiff.

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

39. That on March 7th, 2019, at the aforementioned location, the aforesaid motor vehicle owned by defendant, WESTERN EXPRESS INC. and operated by defendant, MICHAEL KEVIN BUNJER came into contact with the motor vehicle operated by plaintiff.

40. That on or about March 7th, 2019, at approximately 7:31 PM the subject motor vehicle owned by defendant, WESTERN EXPRESS INC., operated, managed, maintained, controlled, inspected and repaired by defendant, MICHAEL KEVIN BUNJER violently collided and came in contact with a motor vehicle operated, managed, maintained, controlled, inspected and repaired by plaintiff causing the plaintiff to sustain serious and permanent injuries as hereinafter alleged.

41. That as a result thereof, the plaintiff, was caused to sustain severe and serious injuries.

42. That the aforesaid occurrence was caused by reason of the carelessness, recklessness and negligence of the defendant, MICHAEL KEVIN BUNJER, in operation, maintenance, management and control of his aforesaid automobile without any negligence on the part of the plaintiff contributing thereto.

43. That the plaintiff's said injuries and damages were caused by the reckless, carelessness and negligence of the defendant, MICHAEL KEVIN BUNJER, in negligent operation of the aforesaid motor vehicle, without any fault of negligence on the part of the plaintiff contributing thereto in any manner, and said injuries are severe and permanent.

44. That as a result of the aforesaid occurrence, the plaintiff, was rendered sick, sore, lame and disabled and has remained so since the said occurrence. He has sustained nervous shock and continues to suffer mental anguish and great physical pain. He has been compelled to undergo medical aid, treatment and attention and expand money and incur obligations for physicians' services, medical and hospital expenses for the care and treatment of his injuries; and upon

information and belief, he will be compelled to expend additional sums of money and incur further obligations in the future for additional physicians' services, medical and hospital expenses for the further care and treatment of his injuries. He has been incapacitated from attending to his usual duties, functions, occupations, vocations and avocations, and in other ways he was damaged, and upon information and belief may be so incapacitated in the future and will suffer pecuniary losses.

45. That the plaintiff, GLENDON CHARLES, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of Sections 5102 and 5104 of the Insurance Law.

46. Upon information and belief, that this action falls within one or more of the exceptions enunciated in Section 1601 and 1602 of the New York CPLR.

47. That plaintiff is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

48. The plaintiff was caused to sustain and incur medical bills and out-of-pocket expenses in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

49. That by reason of the foregoing, plaintiff, GLENDON CHARLES, has been damaged in the sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

## AS AND FOR THE SECOND CAUSE OF ACTION ON BEHALF

## OF PLAINTIFF, GLENDON CHARLES

50. The plaintiff, GLENDON CHARLES, repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "49" inclusive, of the first cause of action, with the same force and effect, as if more fully set forth herein at length.

51. The defendant, WESTERN EXPRESS INC., negligently failed to evaluate, inspect, inquire into and review defendant, MICHAEL KEVIN BUNJER driving record prior to hiring / retaining him.

52. The defendant, WESTERN EXPRESS INC., negligently failed to periodically review and evaluate defendant, MICHAEL KEVIN BUNJER driving record prior to hiring / retaining him.

53. The defendant, WESTERN EXPRESS INC., negligently failed to train, instruct and supervise the defendant, MICHAEL KEVIN BUNJER regarding the operation of a motor vehicle.

54. The defendant, WESTERN EXPRESS INC., negligently entrusted the aforesaid motor vehicle to the defendant, MICHAEL KEVIN BUNJER.

55. That at all times as stated herein upon information and belief defendant, WESTERN EXPRESS INC. negligently entrusted 2016 International motor vehicle bearing Tennessee State Registration Number F1236HY to defendant, MICHAEL KEVIN BUNJER in that defendant, WESTERN EXPRESS INC. possessed special knowledge concerning a characteristic or condition peculiar to defendant, MICHAEL KEVIN BUNJER that rendered his use of the vehicle unreasonably dangerous, at the time and place stated herein.

56. The aforesaid occurrence and resulting injuries to the plaintiff, GLENDON CHARLES due solely to the carelessness, recklessness and negligence of the defendants without any fault or wrongful doing on the part of the plaintiff contributing thereto.

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

57. The aforesaid occurrence and resulting injuries to plaintiff, GLENDON CHARLES were due to the carelessness, recklessness and negligence of the defendants.

58. Defendants, their agents, servants, licensees and employees, were negligent, careless and reckless in the ownership, operation, management, maintenance, repair, supervision, training, inquiry, instruction, entrustment, use and control of the aforesaid vehicle(s) and were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

59. Defendant WESTERN EXPRESS INC., their agents, servants, licensees and employees, were negligent, careless and reckless in the hiring, retention, evaluation, supervision, training, inquiry, instruction of defendant, MICHAEL KEVIN BUNJER who was unqualified, incompetent, and/or negligent and careless, and were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

   **WHEREFORE,** the plaintiff, GLENDON CHARLES, demands judgment against the defendants, WESTERN EXPRESS INC. and MICHAEL KEVIN BUNJER, in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action: together with the interest, costs and disbursements.

Dated: Brooklyn, New York
       August 20th, 2019

                                        Yours etc.,


                                        BIGNELL LAW, PLLC.
                                        Attorneys for Plaintiff
                                        922 Saratoga Avenue
                                        Brooklyn, New York 11212
                                        Phone: (718) 345-3000
                                        Fax: (718) 345-3100

WESTERN EXPRESS INC.
7135 Centennial Place
Nashville, Tennessee 37209

MICHAEL KEVIN BUNJER
816 Aztec Drive
Frederick, Maryland 21701

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

## VERIFICATION

STATE OF NEW YORK     )
COUNTY OF _K.INGS_ )ss:

I, the undersigned, being duly sworn depose and say:

I am Plaintiff in the within action. I have read the foregoing _Summons_ Smplaint and know the contents thereof. The content is true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

x _G. Charles_

Sworn before me this

_20th_ Day of _Aug_ 20 _19_

_____
Notary Public

ELLEN KOGAN
Commissioner of Deeds
City of New York · No. 211147
Cert. Filed in Kings County
Comm. Expires Aug. 1, 20___

FILED: KINGS COUNTY CLERK 08/22/2019 10:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 518598/2019
RECEIVED NYSCEF: 08/22/2019

Index No.:

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

-----------------------------------------------------------------------X

GLENDON CHARLES,

       Plaintiff,

  -against -

WESTERN EXPRESS INC. and MICHAEL KEVIN
BUNJER,

       Defendants.

-----------------------------------------------------------------------X

---

## SUMMONS AND VERIFIED COMPLAINT

---

**BIGNELL LAW, PLLC.**
**Attorneys for Plaintiff**
**922 Saratoga Avenue**
**Brooklyn, New York 11212**
**Phone: (718) 345-3000**
**Fax: (718) 345-3100**

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                    ) ss.:
COUNTY OF NEW YORK )

Nelida M. Lamboy-Perez, being duly sworn, deposes and says:

1.     That she is an employee in the office of RAVEN & KOLBE, LLP, attorneys herein.

2.     That deponent is not a party to the action or proceeding, is over eighteen (18) years of age, and resides in Queens, New York.

3.     That on October 14, 2019, she filed via ECF and served the within copy of the **NOTICE OF REMOVAL AND EXHIBIT** upon:

> BIGNELL LAW, PLLC
> 922 Saratoga Avenue
> Brooklyn, New York 11212

by depositing a true copy of the same securely in a postpaid wrapper, in a Post Office Box regularly maintained by the United States Government directed to the above-mentioned parties at their respective address above, that this being the address within the State designated by them for the purpose upon the preceding papers in this action or the place where they then kept an office, between which place, there then was and now is a regular communication by mail.

NELIDA M. LAMBOY-PEREZ

Sworn to before me this
14th day of October, 2019

Lorna Rodney
Notary/Public, State of New York
No. 01R05056568
Qualified in Kings County
Commission Expires 3-4-22

EXHIBIT "I"

**Full docket text:**
ORDER: This action having prematurely been filed and subsequently dismissed, should the defendants wish to proceed with notice of removal they must file a new federal case. Ordered by Judge Pamela K. Chen on 12/23/2019. (Abdallah, Fida)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/27/2020 15:47:02 | | |
| **PACER Login:** | karaven4709 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:19-cv-05790-PKC-RLM |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

EXHIBIT "J"



# RAVEN & KOLBE, LLP
### ATTORNEYS AT LAW

126 EAST 56TH STREET
SUITE 202
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 759-7466
FACSIMILE: (212) 759-0166
www.ravenkolbe.com

January 23, 2020

VIA ECF

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Attn: District Court Judge Pamela K. Chen

Re: *Glendon Charles v. Western Express Inc. and Michael Kevin Bunjer*
USDC Eastern District of New York
Civil No.: 19-cv-05790-PKC-RLM
Our File No.: 861-099-01

Dear Judge Chen:

My firm represents the defendants, Western Express Inc. and Michael Kevin Bunjer in the above matter.

Plaintiff and defendants' counsel are jointly requesting a conference regarding this matter in light of the Court's most recent Order entered on December 23, 2019. (Docket Text, wherein Your Honor issued an Order providing "This action having prematurely been filed and subsequently dismissed, should the defendants wish to proceed with notice of removal they must file a new federal case."

As the Court may be aware, defendants, after receiving plaintiff's settlement demand of $400,000, filed an Amended Notice of Removal providing a copy of the settlement demand indicating that the damages were in excess of $75,000.

In speaking with plaintiff's attorney, Mr. Barenbaum, we were unsure how to proceed since it was the plaintiff who commenced this action and not the defendants. We would simply request a conference and/or clarification as to the circumstances under which a new action should be commenced. There is an action pending in the Supreme Court, Queens County, once the case was remanded back to State Court. In addition, there is no way for the defendants to commence an action.

It should also be noted that plaintiff's counsel consents to the removal in light of complete diversity and damages in excess of $75,000 subject to the Court's approval.

We would respectfully request a conference at any time convenient to the Court.

Thank you for Your Honor's time and attention to this matter.

Very truly yours,

RAVEN & KOLBE, LLP

Keith A. Raven

KAR/ym

Cc:
Bryan Barenbaum, Esq.
Attorney for Plaintiff
2060 Eastern Parkway
Brooklyn, New York 11207
(718) 421-1111
(barenbaumesq@gmail.com)

2

EXHIBIT "K"

**Full docket text:**

ORDER: The parties' [8] request for a conference is denied. If Defendants wish to proceed with removal, Defendants shall file a notice of removal under a new docket number. Ordered by Judge Pamela K. Chen on 1/24/2020. (Shi, Yi Qing)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/27/2020 15:47:15 | | | |
| **PACER Login:** | karaven4709 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:19-cv-05790-PKC-RLM |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

## **AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NEW YORK  )

       Nelida M. Lamboy-Perez, being duly sworn, deposes and says:

      1.      That she is an employee in the office of RAVEN & KOLBE, LLP, attorneys herein.

      2.      That deponent is not a party to the action or proceeding, is over eighteen (18) years of age, and resides in Queens, New York.

      3.      That on January 27, 2020, she filed via ECF and served the within copy of the **NOTICE OF REMOVAL AND EXHIBITS** upon:

> Law Offices of Bryan Barenbaum
> 2060 Eastern Pkwy
> Brooklyn, New York 11207

by depositing a true copy of the same securely in a postpaid wrapper, in a Post Office Box regularly maintained by the United States Government directed to the above-mentioned parties at their respective address above, that this being the address within the State designated by them for the purpose upon the preceding papers in this action or the place where they then kept an office, between which place, there then was and now is a regular communication by mail.

                                          NELIDA M. LAMBOY-PEREZ

Sworn to before me this
27th day of January, 2020

Keith A. Raven
Notary Public, State of New York
Reg. No. 02RA6011105
Commission Expires 08-03-23